UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT LEEDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-123-P-BL |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## REPORT ANT RECOMMENDATION

Before the Court is Defendant State Farm Lloyds' ("State Farm") Motion to Abate Case Pending the Appraisal Outcome (Doc. 5), filed on July 31, 2015. For the following reasons, the Court **RECOMMENDS** that State Farm's Motion to Abate be **DENIED**.

### I. BACKGROUND

Plaintiff Robert Leedy ("Leedy") purchased a Homeowners Insurance Policy from State Farm to cover certain risks to his residence in Abilene, Texas. (Doc. 5, p. 1). Leedy claims that around June 12, 2014, his residence sustained significant damage from a hail and wind storm. (Doc. 1-6, p. 3). Leedy reports that he submitted a damage claim to State Farm related to the storm damage, but that State Farm wrongfully denied or underpaid his claim. (Doc. 1-6, p. 6).[1]

Leedy filed suit against State Farm in Taylor County, Texas state court on May 15, 2015. (Doc. 1-6, p. 2). Leedy alleges breach of contract, violation of the prompt payment of claims statute, and bad faith claims under the Deceptive Trade Practices Act ("DTPA"). (Doc. 1-6, p. 6-9). State Farm made a written demand for appraisal under the terms of the policy on May 22,

---

[1] The factual details in Leedy's original petition are vague and conclusory at best. Leedy neither offers information about the reporting and negotiation process with State Farm, nor does he present any information regarding payments or offered payments. (Doc. 1-6).

1

2015. (Doc. 5-1, p.2-3). State Farm was served with the lawsuit on May 26, 2015. (Doc. 1-8, p. 2). On June 25, 2015, State Farm removed the case to federal court based on diversity jurisdiction. (Doc. 1). On July 31, 2015, State Farm moved to the have the entire lawsuit abated pending the appraisal outcome. The parties have fully briefed the motion, which is now ripe for review.

## II. LEGAL STANDARD

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). In fact, "appraisal clause[s] . . . appear in almost every homeowners, automobile, and property policy in Texas." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 (Tex. 2009). "These clauses are generally enforceable, absent illegality or waiver." *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2013 WL 6814731, at *2 (N.D. Tex. Dec. 26, 2013) (quoting *In re Universal Underwriters*, 345 S.W.3d at 407); *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 471 (5th Cir. 2013). Once invoked, appraisal should generally proceed without court interference. *See Johnson*, 290 S.W.3d at 895. But, "[a] valid appraisal does not 'divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way.'" *Triple S Props. Inc. v. St. Paul Surplus Lines Ins. Co.*, No. 3:08-CV-796-O, 2010 WL 3911422, at *4 (N.D. Tex. Oct. 5, 2010) (citing *Johnson*, 290 S.W.3d at 889).

## III. ANALYSIS

At present, State Farm moves the Court to abate all of Leedy's claims pending completion of the appraisal process. (Doc. 5, p. 1). State Farm cites several Southern District of

Texas and Texas Supreme Court cases for the proposition that courts frequently grant abatement which leads to a less expensive, more efficient alternative to litigation. (Doc. 5, p. 3). However, State Farm does not direct the Court to any case indicating that abatement is mandatory. Instead, State Farm argues that, depending on the outcome of the appraisal process, Leedy may be estopped from pursuing his breach of contract claim if State Farm promptly tenders the appraisal award. (Doc. 5, p. 4) (citing *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002)). Flowing from that argument, State Farm alleges that absent a breach of contract, Leedy's bad faith and extra-contractual claims cannot stand. (Doc. 5, p. 5) (citing *Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. H-09-3479, 2011 WL 819491, at *3 (S.D. Tex. Mar. 2, 2011)). Despite these arguments for abatement, State Farm admits that "the appraisal process will establish the amount of loss, likely resolving or *at least narrowing* the breach of contract and extra-contractual claims." (Doc. 5, p. 5) (emphasis added). State Farm appears to concede that no matter the outcome of the appraisal, at least some of Leedy's claim may remain.

For his part, Leedy, quoting *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2004, pet. denied), acknowledges that he cannot "use the fact that the appraisal award [is] different than the amount originally paid as evidence of breach of contract." (Doc. 7, p. 2). But, Leedy directs the Court to *Graber v. State Farm Lloyds*, a recent Northern District of Texas case, finding that payment of an appraisal award does not preclude an insured from pursuing a breach of contract claim utilizing other evidence. No. 3:13-CV-2671-B, 2015 WL 3755030, at *4 (N.D. Tex. June 15, 2015) (Boyle, J.); *Cavazos v. State Farm Lloyds*, No. 7:14-CV-395, 2015 WL 8074063, at *4 (S.D. Tex. Dec. 4, 2015) (quoting *Graber*). However, like in *Graber*, Leedy "has not pointed to any other evidence to establish State Farm's breach of

3

the [p]olicy." *Graber*, 2015 WL 3755030, at *4. But, unlike *Graber*, the motion currently before the Court is for abatement and not summary judgment. *See id.* At this stage Leedy is not required submit "other evidence" to support his breach of contract claims.

In response, State Farm claims that Texas law mandates that compliance with the appraisal process is a condition precedent to the filing of this lawsuit. (Doc. 10, p. 3) (citing *Johnson*, 290 S.W.3d at 894; *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). State Farm's contention is only partially correct. "*Johnson* has no bearing on the present case because its holding was inextricably linked to the fact that appraisal in that case had been demanded prior to litigation but not yet fulfilled." *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, Order Denying Mot. Abatement, at *9-10 (N.D. Tex. Mar. 26, 2013). Whereas "the Texas Supreme Court has . . . explicitly explained that, where appraisal is formally demanded after litigation is initiated, 'the proceedings need not be abated while the appraisal goes forward.'" *Id.* (quoting *In re Allstate*, 85 S.W.3d at 196; *In re Universal Underwriters*, 345 S.W.3d at 412 n.5). The trial "court does have some discretion as to the timing of the appraisal," therefore, "the proceedings need not be abated while the appraisal goes forward." *In re Allstate*, 85 S.W.3d at 196.

Here, Leedy filed his lawsuit in state court on May 15, 2015. (Doc. 1-6, p. 2). State Farm did not demand appraisal until May 22, 2015. (Doc. 5-1, p. 2-3). Indeed, State Farm was not served with the lawsuit until May 26, 2015, but, still, it did not demand appraisal until after the litigation commenced. (Doc. 1-8, p. 2). As such, State Farm's reliance on *Johnson* is inapposite as the Court has discretion to allow the litigation to proceed. *See In re Allstate*, 85 S.W.3d at 196. Leedy contends that appraisal will not necessarily resolve all of his claims and that his case

should be allowed to continue. Following Texas precedent, the Court agrees. *See Devonshire Real Estate*, No. 3:12-CV-2199-B, Order Denying Mot. Abatement, at *10.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that State Farm's Motion to Abate Case Pending the Appraisal Outcome be **DENIED**.

**SO ORDERED.**

Dated January  14 , 2016.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**